IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

J4 Promotions, Inc., :

    Plaintiff, :

  v. : Case No. 2:09-cv-136

Splash Dogs, LLC, et al., : JUDGE MARBLEY

    Defendants. :

ORDER

This copyright infringement and unfair competition case is before the Court on a motion for leave to intervene filed by Capitol Specialty Insurance Corporation. Through this motion, Capitol, the insurer of defendant Splash Dogs, LLC, seeks to intervene as an additional party defendant to assert a counterclaim and cross-claim for declaratory judgment to establish whether Capitol has a duty to defend or indemnify defendants.

Capitol seeks to intervene as of right asserting that it meets all of the requirements set forth in Fed.R.Civ.P. 24(a). J4 challenges Capitol's right to intervene asserting that Capitol does not have a substantial legal interest in this case, Capitol's interest will not be impaired if intervention is denied, and Splash Dogs adequately represents Capitol's interest. For the following reasons, the motion for leave to intervene (#56) will be denied.

    I. <u>Intervention Under Rule 24</u>

Intervention of right is governed by Fed. R. Civ. P. 24(a) which, as amended, provides, in pertinent part,

> On timely motion, the court must permit anyone to intervene who: ... (2) claims an interest relating to the property or

> transaction that is the subject of the
> action, and is so situated that
> disposing of the action may as a
> practical matter impair or impede the
> movant's ability to protect its
> interest, unless existing parties
> adequately represent that interest.

The Sixth Circuit applies a four-part test to Fed. R. Civ. P. 24(a) motions. This test requires the moving party to establish (1) that the motion was filed timely, (2) that a substantial legal interest is involved, (3) that an interest will be impaired without intervention, and (4) inadequate representation by the current parties. Michigan State AFL-CIO v. Miller, 103 F.3d 1240, 1245 (6th Cir. 1997)(citing Cuyahoga Valley Ry. Co. v. Tracy, 6 F.3d 389, 395 (6th Cir. 1993)).

Permissive intervention is governed by Fed. R. Civ. P. 24(b). This rule, as amended, states, in relevant part:

> On timely motion the court may
> permit anyone to intervene who ...
> has a claim or defense that shares
> with the main action a common question
> of law or fact.

In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. Fed. R. Civ. P. 24(b)(3). If the motion to intervene is timely and there is at least one common question of law or fact, the Court must then balance various factors, including undue delay, prejudice to the original parties, and any other relevant factors. Miller, 103 F.3d at 1248; see also Purnell v. City of Akron, 925 F.2d 941, 951 (6th Cir. 1991).

Finally, the Court is not required to evaluate an application for intervention under only one subsection of Rule 24. When a party has moved for intervention as of right, but the facts more appropriately suggest that permissive intervention

might be granted, and there are no other obstacles such as jurisdictional considerations which would counsel against such an analysis, the Court is free to consider whether permissive intervention might be granted. See Penick v. Columbus Education Ass'n, 574 F.2d 889 (6th Cir. 1978).

Both types of intervention, however, share the element of timeliness. "Timeliness is to be determined from all the circumstances. And it is to be determined by the Court in the exercise of its sound discretion; unless that discretion is abused, the court's ruling will not be disturbed on review." DRFP L.L.C. v. Republica Bolivariana de Venezuela, Case No. 2:04-cv-793 (S.D. Ohio Nov. 9, 2009) (quoting NAACP v. New York, 413 U.S. 345, 365-66 (1973)). The Sixth Circuit has identified five factors to determine whether a motion to intervene is timely:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the intervenor's failure, after he or she knew or reasonably should have known of his or her interest in the case, to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.

Id. (citing Grubbs v. Norris, 870 F.2d 343, 345 (6th Cir. 1989); Stupak-Thrall v. Glickman, 226 F.3d 467, 473 (6th Cir. 2000)).

## II. The Motion to Intervene

As noted above, Capitol seeks to intervene as of right. To this end, Capitol asserts that its motion is timely because it was not notified by Splash Dogs of the pending litigation until November 11, 2009. According to Capitol, once it received notice, it undertook an investigation and concluded that the

-3-

complaint raises issues of insurance coverage.  Further, Capitol contends that it has a substantial legal interest in this case because, as Splash Dogs' insurer, it is required to provide a defense and has a right to assert defenses regarding coverage. Capitol argues also that its ability to protect its interest may be impaired because collateral estoppel may preclude any challenge to facts as determined between Splash Dogs and J4. Finally, Capitol argues that Splash Dogs does not adequately represent its interests because of their adverse positions regarding Capitol's duty to defend or indemnify.

The focus of J4's response is that Capitol has not met the second, third, or fourth elements for intervention as of right. J4 also challenges, although not in great detail, the timeliness of Capitol's request.  With respect to the second element, J4 argues that courts are not inclined toward allowing intervention in circumstances where the insurer seeks to defend subject to a reservation of rights.  In support of this position, J4 relies on Travelers Indem. Co. v. Dingwell, 884 F.2d 629 (1st Cir. 1989), a tort action in which the court found that the potential interests of an insurer offering to defend, but reserving the right to deny coverage, were either contingent or did not relate to the subject matter of the underlying action against the insured.  As for the third element, J4 contends that Capitol will not be collaterally estopped from litigating any issues in a subsequent suit. Finally, J4 asserts that Capitol has the same interest as Splash Dogs in avoiding liability.  In fact, J4 contends, this alignment of interests is underscored by the fact that Splash Dogs faces the risk of sole responsibility for any judgment.

In reply, Capitol seems to concede that its interest here may be merely contingent.  However, Capitol argues that the concept of "interest" is to be construed liberally and cites several cases which it claims have held that a contingent

interest is sufficient for intervention of right purposes.

### III. Analysis

Despite the parties' brief treatment of the timeliness issue, the Court will begin its analysis there. While Capitol claims that its intervention is timely because it moved for leave as soon as possible after it received notice, as set out above, this factor standing alone is not dispositive of the issue. Consequently, the Court will consider all of the enumerated factors in determining whether Capitol's motion is timely.

The first timeliness factor is the point to which this suit has progressed. This case was originally filed on April 16, 2008, in the Northern District of Ohio. On February 13, 2009, it was transferred to this District following a ruling on defendants' motion to dismiss or transfer venue. The preliminary pretrial was held on April 30, 2009, and an order was issued establishing the case schedule. There has been one modification of the case schedule to date and, based upon that modification, the discovery cutoff currently is July 19, 2010, and the dispositive motion deadline currently is August 16, 2010. Discovery has been underway for some time and the Court has resolved one motion to compel by order dated January 21, 2010. In short, this case has progressed well beyond threshold issues. Moreover, as discussed below in connection with the second factor, the claims Capitol seeks to raise are wholly unrelated to the underlying claims and quite possibly could lead to further extensions of the case schedule or delay of a resolution. Consequently, the first factor does not weigh in favor of timeliness.

The second factor to be considered - the purpose for which intervention is sought - also does not weigh in favor of timeliness. Capitol wishes to intervene here to seek declaratory relief holding that it has no duty to defend or indemnify Splash

Dogs. This coverage issue is unrelated to the copyright infringement and unfair competition claims at issue between J4 and Splash Dogs. Under such circumstances various courts have routinely denied intervention on grounds that insurers contesting coverage have no more than a contingent interest in the underlying action. See Dingwell, 884 F.2d at 638; Nautilus Ins. Co. ex rel. Ecklebarger v. C.C. Rider, Inc., 2002 WL 32073073 (N.D. Ind. Nov. 25, 2002); Nieto v. Kapoor, 61 F.Supp.2d 1177 (D.N.M. August 4, 1999); see also Sachs v. Reef Aquaria Design, Inc., 2007 WL 2973841 (N.D. Ill. Oct. 5, 2007) (denying intervention on timeliness grounds but noting contingency of interest). Further, Capitol's participation in this action is not its only available means for seeking relief. There is nothing preventing Capitol from pursuing its claims in a separate declaratory action. As a result, the second factor does not weigh in favor of timeliness.

With respect to the third factor, Capitol cannot demonstrate that the length of time that elapsed between notice and the motion to intervene weighs in favor of timeliness. Capitol states that it undertook an investigation once it became aware of the litigation on November 11, 2009. However, Capitol did not move to intervene until approximately three-and-one-half months later on February 24, 2010. While under certain circumstances a ninety-day plus lapse between notice and the filing of a motion may not be unreasonable, given the posture of this case when Capitol received notice, it should have understood that prompt action was required. Because Capitol has not offered any specifics for the delay other than a reference to its need to investigate and secure counsel for Splash Dogs under a reservation of rights, the Court cannot find that the third factor weighs in favor of timeliness.

The fourth factor, prejudice to the original parties, also

weighs against a finding of timeliness.  As J4 asserts, it would be forced to become involved in a coverage dispute in which it does not yet have an interest.  Further, J4 contends that the coverage dispute will divert attention from the issues in the underlying action.  J4 also argues that delay will result from discovery and motions practice relating to Capitol's proposed claims.  Capitol does not offer any argument to the contrary.  The Court agrees that J4 may well be prejudiced in its ability to achieve efficient resolution of its already complex claims if Capitol is permitted to intervene.  By Capitol's own assessment, the coverage issues it seeks to raise are "rather complex."  Consequently, the Court cannot find that the fourth factor weighs in favor of timeliness.

Finally, the Court notes that with respect to the fifth factor - the existence of unusual circumstances - it may be unusual for an insured to delay notifying its insurance provider of pending litigation in which it is a named defendant.  However, this factor alone, in light of all the relevant circumstances of this case, does not convince the Court that Capitol's motion for leave to intervene is timely.  Because Capitol has not met its burden of demonstrating timeliness, the Court will not grant its motion for leave to intervene as of right.

## IV.  Disposition

For the foregoing reasons, the motion for leave to intervene filed by Capitol Specialty Insurance Corporation (#56) is DENIED.

    s/Algenon L. Marbley
Algenon L. Marbley
United States District Judge