IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


J4 Promotions, Inc.,            :

    Plaintiff,              :

  v.                           :     Case No. 2:09-cv-136

Splash Dogs, LLC, et al.,       :     JUDGE MARBLEY

    Defendants.             :

ORDER

Following a status conference held on January 19, 2009, the Court entered an order which granted plaintiff's motion to compel and reserved the issue of plaintiff's entitlement to fees and expenses. In the event the parties could not resolve that issue on their own, the Court ordered the parties to brief the issue of costs and attorney's fees. On February 17, 2010, plaintiff J4 Promotions, Inc. ("J4 Promotions") filed its application for attorney's fees which was supported by the declaration of its attorney, T. Earl LeVere. Defendants Splash Dogs, LLC, Tony Reed, and Randy Woods ("Splash Dogs") filed a memorandum in opposition which was supported by the affidavits of Mr. Reed and Mr. Woods. J4 Promotions then filed a reply in support of its application. After briefing was completed, Mr. Reed gave notice that he had filed a petition for relief under Chapter 13 of the Bankruptcy Code on March 10, 2010.

I. Background

Rule 37(a)(5) of the Federal Rules of Civil Procedure mandates payment of the moving party's reasonable expenses, including attorney's fees, incurred in connection with its motion to compel, in the event the motion is granted. The party whose conduct necessitated the motion and/or the attorney advising the conduct are liable for such fees and expenses unless (1) the

motion to compel was filed before the movant attempted in good faith to obtain the discovery without court intervention; (2) the opposing party's failure to respond to the discovery requests was substantially justified; or (3) other circumstances make an award unjust.

There is no question that J4 Promotions engaged in bonafide, extrajudicial efforts to obtain the requested discovery before filing its motion to compel. Splash Dogs also does not contend that its prior attorney's failure to respond to plaintiff's discovery requests was substantially justified. Splash Dogs does, however, argue that other circumstances make an award of fees and expenses unjust here. It maintains that the failure of its former counsel, Constance Sharma, to inform Mr. Reed and Mr. Woods of the deficiencies in their discovery responses deprived them of any opportunity to address plaintiff's discovery demands prior to the filing of the motion to compel. In Splash Dogs' opinion, any award of expenses should consequently be borne by Ms. Sharma. In addition, Splash Dog challenges the reasonableness of J4 Promotion's fee request.

## II. Standard of Review

"The starting point for determining the amount of a reasonable attorney fee is the 'lodestar' amount which is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." Imwalle v. Reliance Medical Products, Inc., 515 F.3d 531, 551-52 (6th Cir. 2008)(citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). "Where the party seeking the attorney fees has established that the number of hours and the rate claimed are reasonable, the lodestar is presumed to be the reasonable fee to which counsel is entitled." Inwalle, 515 F.3d at 552 (citing Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 564-65 (1986)). "Where the documentation of hours is inadequate,

the district court may reduce the award accordingly." Hensley, 461 U.S. at 433.

In any context where an attorney requests fees to be awarded by the Court, there is an obligation to award only reasonable fees. While the Court has substantial discretion in determining what is a reasonable fee, there are a number of factors which should be considered, including the prevailing market rates for comparable legal work in the community, whether the amount of time for which compensation is requested was reasonably necessary to perform the tasks described, and whether the representation was of at least average quality. See Kauffman v. Sedalia Med. Ctr., Inc., No. 2:04-CV-543, 2007 WL 490896 at *3 (S.D.Ohio Feb. 9, 2007)(citing Bemis v. Hogue, 935 F.2d 269 (table), 1991 WL 102385 at *7 (6th Cir. June 13, 1991)).

### III. Reasonableness of Mr. LeVere's Fees

In his declaration in support of J4 Promotion's fee application, Mr. LeVere avers that, after making certain adjustments due to "block billing" entries, the hours shown on the attached logs relate solely and exclusively to the discovery dispute currently before this Court. These adjustments resulted in the subtraction of 3.0 hours. The logs show that Mr. LeVere was the only attorney who performed legal services on J4 Promotion's behalf with respect to this discovery dispute. His hourly billing rate for these services was $330. The aggregate time he expended on these services, minus the 3.0 hours, was 56.25 hours. Based on the number of hours, as adjusted, and Mr. LeVere's hourly rate, J4 Promotions seeks attorney's fees in the amount of $18,562.50. There is no request for reimbursement of expenses incurred in making the motion to compel; nor does Mr. LeVere include any time for preparing his fee application.

### A. Mr. LeVere's Hourly Billing Rate

Splash Dogs first asserts that Mr. LeVere's billing rate is

too high. It contends that Mr. LeVere's hourly billing rate should be $303 based on Judge Beckwith's decision to limit his hourly rate to $298 in Swapalease, Inc. v. Sublease Exchange.com, Inc., No. 1:07-CV-45, 2009 WL 1119591 at *5 (S.D.Ohio Apr. 27, 2009), plus an annual adjustment of $5 per hour.

In reply, J4 Promotions states that Judge Beckwith determined the $298 hourly rate for Mr. LeVere by referencing the average hourly billing rate for a patent attorney of his status and years of experience in the Ohio region as reported by the American Intellectual Property Law Association in its 2007 economic survey. J4 Promotions attached a copy of the AIPLA's 2009 report to its fee application. Based on the 2009 survey, the average hourly billing rate for a partner in a private law firm with Mr. LeVere's years of experience was $329, which is $1 less than the rate actually charged.

When analyzing the reasonableness of a given billing rate, courts inquire into the prevailing market rates in the relevant community. Mosaid Techs, Inc. v. Samsung Elecs. Co., 224 F.R.D. 595, 597 (D.N.J. 2004)(citing Blum v. Stenson, 465 U.S. 886, 895 (1984)). The only evidence of the prevailing market rate in this case consists of the 2009 AIPLA report. If this Court were to limit Mr. LeVere's rate to the average hourly rate found in this report, as Judge Beckwith did in Swapalease, the net result would be a reduction of $56.25 in fees.

The Court would not be inclined to make such an insignificant reduction given the variation among similar attorneys' hourly rates and the assumption that attorneys are likely to use a round number for billing purposes. Moreover, Mr. LeVere inadvertently reduced his time by an extra quarter hour when he subtracted the previously mentioned "block billing" time. Since the amount Mr. LeVere unintentionally subtracted is greater than $56.25, the Court will not order that J4 Promotion's fees be

reduced by that amount.

B. <u>Allowance of Fees for Extrajudicial Efforts to Obtain Discovery</u>

Splash Dogs argues that there is a split of authority in this District as to whether the party whose conduct necessitated the motion to compel should be required to pay the movant's reasonable expenses incurred in extrajudicial efforts to resolve the discovery dispute prior to the filing of the motion. Splash Dogs urges the Court to follow the decisions of Judge Rose not to allow fees related to the movants' extrajudicial attempts to resolve discovery disputes, even though such attempts are contemplated, if not required, by the Federal Rules of Civil Procedure. <u>See</u> <u>Satterwhite v. Faurecia Exhaust Sys., Inc.</u>, No. 3:02-CV-574, 2005 WL 1279253 at *3 (S.D.Ohio May 31, 2005); <u>Evenflo Co. v. Hantec Agents, Ltd.</u>, No. 3:05-CV-346, 2006 WL 2165707 at *2 (S.D.Ohio July 31, 2006). Although Judge Rose does not explain why such fees are not recoverable under Fed.R.Civ.P. 37(a)(5), other courts distinguish that subsection, which is limited to expenses incurred in obtaining an order to compel, from the broader award of expenses imposed by Fed.R.Civ.P. 37(b)(2)(C) for disobeying a discovery order. <u>See</u>, <u>e.g.</u>, <u>Foxley Cattle Co v. Grain Dealers Mut. Ins. Co.</u>, 142 F.R.D. 677, 681 (S.D.Iowa 1992).

In <u>JPMorgan Chase Bank, N.A. v. Neovi, Inc.</u>, No. 2:06-CV-95, 2007 WL 781648 at *4 (S.D.Ohio Mar. 12, 2007), this Court awarded attorney's fees for services which included Chase's attempts to obtain supplemental responses to interrogatories without judicial involvement. Neovi objected to the fee award partly on the basis that fees incurred prior to Chase's oral motion to compel were not recoverable. Judge Graham overruled Neovi's objection, reasoning that since Chase was required to certify that it had made a good-faith effort to obtain the discovery from Neovi

before moving to compel, extrajudicial efforts were a necessary precondition to recovering any of its expenses. JPMorgan Chase Bank, N.A v. Neovi, Inc., 2007 WL 1875928 at *6 (S.D.Ohio June 20, 2007). Consequently, the expenses Chase incurred in its efforts to obtain responses to its discovery requests prior to the motion to compel "constitute[d] the 'reasonable expenses incurred in making the motion.'" and "f[e]ll within both the letter and spirit" of Rule 37(a)(5). Id. at *7.

The Court sees no reason to depart from Judge Graham's interpretation of the rule, and, as the defendants note, Judge Beckwith reached the same conclusion in Swapalease, supra. The Court therefore will not deduct the 25.25 hours Mr. LeVere spent on efforts to obtain the requested discovery before he filed the motion to compel.

Splash Dogs also seeks to reduce the 25.25 hours because Mr. LeVere's attempts to resolve the discovery dispute with Ms. Sharma were plainly futile. Splash Dogs complains that its former counsel never responded to Mr. LeVere's letters and emails until the informal discovery conference on October 9, 2009, by which time she had already indicated her intention to withdraw. Because Ms. Sharma had never shown any inclination to respond to his requests, Splash Dogs argues that Mr. LeVere should not be "rewarded" for such a fruitless endeavor.

Splash Dogs, not surprisingly, does not cite any legal authority to support its contention. The Local Rules required Mr. LeVere to have exhausted all extrajudicial means to resolve the discovery dispute before filing the motion to compel. S.D. Ohio Civ. R. 37.1. Had Mr. LeVere not undertaken these extrajudicial efforts, it is likely that Splash Dogs would have raised his failure to exhaust as an issue in conjunction with both the motion to compel and his request for attorney's fees. See Mohney v. USA Hockey, Inc., 5 Fed.Appx. 450, 460 (6th

2001)(district court did not abuse its discretion in denying motion to compel and for sanctions where movant did not satisfy local rule's three conditions).

The Court will not put counsel in the position of having to determine when his efforts are sufficient to satisfy this discovery rule, particularly when the charges are otherwise reasonable. Accordingly, the Court will not reduce the 25.25 hours.

C. <u>Time Entries for September 2 and September 15, 2009</u>

Splash Dogs claims that Mr. LeVere's billing a total of 6.25 hours to draft the five-paragraph letter attached as Exhibit H to plaintiff's Motion to Compel is an unreasonable amount of time and should be reduced. If Splash Dogs' characterization of these two entries were accurate and the drafting of the letter was the only task performed on both September 2, 2009, and September 15, 2009, the Court would agree that the time expended was unreasonable. However, Mr. LeVere performed other services on plaintiff's behalf on those two dates as well.

On September 2, 2009, Mr. LeVere billed 1.50 hours. In addition to starting to draft the follow-up letter, he reviewed his prior correspondence with Ms. Sharma and reviewed Splash Dogs' discovery responses. On September 15, 2009, he billed 3.75 hours which included time for preparing the letter, making his revisions, and sending it to Ms. Sharma. This block of time included, moreover, further review of Splash Dogs' discovery responses and the outlining of a much more detailed letter regarding defendants' specific objections to J4 Promotions' discovery requests.

When viewed together, the time for the combined services does not appear excessive. Thus, while this type block-billing is not to be encouraged, the Court will not reduce Mr. LeVere's time for that reason alone, especially when he voluntarily wrote

off 2.25 hours which he originally had billed.

### D. Time Entry for September 22, 2009

Splash Dogs also seeks a reduction for the billed time on September 22, 2009, to the extent Mr. LeVere's services encompassed a review of the order construing Ms. Sharma's Notice of Withdrawal of Defendants' Counsel as a motion for leave to withdraw. On this date, Mr. LeVere billed a total of 3.75 hours for services which included his continued drafting of a letter to Ms. Sharma regarding document production, researching courts' interpretation of the phrase "possession, custody, and control," contained in Fed.R.Civ.P. 34, as well as his review of the September 22, 2009 order and his consideration of whether to oppose Ms. Sharma's withdrawal.

Given the description of the three separate tasks performed, it is unlikely that Mr. LeVere spent a significant amount of time reviewing the order construing Ms. Sharma's notice as a motion for leave to withdraw. It is unfortunate that once again Mr. LeVere did not break down his time for performing each of the services. If he had, perhaps the Court would have been better able to determine whether to reduce the 3.75 hours. The entry does, however, show a link between a review of the order and the motion to compel. Mr. LeVere considered opposing the motion to withdraw in the event that Ms. Sharma did not correct and supplement Splash Dogs' responses to J4 Promotion's discovery requests. In light of the insignificant amount of fees involved relative to Mr. LeVere's application as a whole, and the fact that this service could reasonably be construed as "incurred in making the motion," the Court will not reduce the 3.75 hours.

### E. Time Spent on Motion to Compel While Still Engaged in Extrajudicial Efforts to Resolve Discovery Dispute

Splash Dogs objects to the fact that Mr. LeVere spent 3.0 to 3.75 hours researching and drafting a motion to compel before

exhausting all extrajudicial means to resolve the parties' discovery requests. Splash Dogs argues that it is unreasonable to compensate Mr. LeVere for time spent working on a motion to compel that would have been unnecessary had Ms. Sharma complied with his requests during the six-week interval between October 2, 2009, the first date he worked on the motion to compel, and November 20, 2009, the date he filed the motion.

It is true that if J4Promotions had never had to file the motion to compel, it would not be entitled to the expenses incurred in making such a motion. See Fed.R.Civ.P. 37(a)(5). That is not the situation here, however. The rule does not specify when the expenses incurred in filing a motion to compel must occur. It surely was not unreasonable for Mr. LeVere to anticipate the fact that Splash Dogs might not correct and supplement its discovery responses. Furthermore, because the filing of the motion to compel did become necessary, the fees would have been incurred regardless of when the services were performed. Accordingly, Splash Dogs is not entitled to a reduction of the 3.0 to 3.75 hours billed between October 2, 2009, and October 6, 2009.

F. <u>Fees Incurred After Appearance of Defendants' New Counsel</u>

Splash Dogs asserts that any time accrued by Mr. LeVere after its new counsel appeared should not be considered as reasonably spent in furtherance of compelling discovery. As grounds for this proposed exclusion, Splash Dogs' new attorney, Michael Loughry, states that since being retained he has fully cooperated in supplementing the interrogatory answers and producing the requested documents. He further promises to cooperate with J4 Promotions in the future and to work diligently to resolve any issues that may arise. As proof of his commitment, he points to the fact that Splash Dogs met the January 21, 2010 deadline for production of discovery.

Mr. Loughry's actions in resolving the discovery dispute since December 17, 2009, appear to be commendable. That does not mean, however, that the clock stopped on that date for any expenses incurred in making the motion to compel. Mr. LeVere's logs from December 17, 2009, to January 17, 2010, reflect that he considered Splash Dogs' request for an extension of time to respond to the motion, prepared correspondence to Mr. Loughry regarding discovery responses and insurance policies, and prepared a combined response to Splash Dogs' request for extension of time and reply in support of J4 Promotion's motion to compel. These entries all appear to be directly related to the parties' discovery dispute and plaintiff's motion to compel. As such, the Court cannot see any valid reason to exclude the 4.25 hours spent on these services from Mr. LeVere's fee application.

On the other hand, the entries for January 19, 2010, and January 21, 2010, include preparation for and attendance at a status conference, as well as review of the Court's preliminary pretrial order. The Court believes that fees for the bulk of these services would have been incurred regardless of the discovery dispute. Therefore, the Court will deduct 2.75 hours from Mr. LeVere's fee application. See Mosaid, 224 F.R.D. at 598 (fees disallowed for services tangentially related to sanctions motion, but which would have been incurred in any event).

G. Reasonableness of Time Spent Researching and Drafting Motion to Compel

Splash Dogs also contends that the 23.5 to 24.25 hours billed by Mr. LeVere for drafting the motion to compel was an unreasonable amount of time for an attorney with his level of experience. Splash Dogs points out that Mr. LeVere did not prepare the motion until Ms. Sharma had been permitted to withdraw. Splash Dogs suggests that filing a motion to compel

against unrepresented parties should have been a simple matter whereby Mr. LeVere could have cited Rule 37 and merely stated that J4 Promotions was entitled to an order compelling the defendants to respond fully to its discovery requests.

J4 Promotions was required to accompany its motion to compel with a memorandum of support stating the grounds for the requested relief and the authorities relied upon. S.D. Ohio Civ. R. 7.2(a)(1). The Court also does not agree that plaintiff's burden was in any way lessened by the fact that Splash Dogs was no longer represented by counsel. J4 Promotions still had to show that (1) it had properly served its interrogatories and requests for production of documents, (2) that the information sought was relevant, (3) that the defendants' answers to the interrogatories were evasive or incomplete, (4) that the defendants failed to produce the requested documents which were in their possession or control, and (5) that it had exhausted all extrajudicial means for resolving the discovery dispute before filing its motion to compel. Plaintiff's motion also had to address the defendants' pro se objections to its first set of interrogatories. For these reasons, the Court finds that the motion to compel filed by J4 Promotions, along with the attachments thereto, was a reasonable filing under the circumstances.

The Court does question, however, the need for Mr. LeVere to have conducted all of the legal research and drafting related to the motion to compel. While his sole involvement likely eliminated some of the redundancies common in cases where more than one attorney works on a project, delegating some of the legal research and initial drafting to an associate whose billing rate was significantly lower than Mr. LeVere's would likely have resulted in substantial savings. The Court also believes that the approximately twenty-four hours spent on researching and

drafting the motion to compel was somewhat excessive.  J4 Promotions bears the burden of proof on the number of hours reasonably expended and the reasonableness of the rates charged. Watkins & Son Pet Supplies v. Iams Co., 197 F.Supp.2d 1030, 1033 (S.D.Ohio 2002).  Because it has not demonstrated that the number of hours spent on the motion to compel was reasonable or that other attorneys at Mr. LeVere's firm could not have performed some of the tasks more economically, the Court will reduce the fees by $3,960 which represents twelve hours at $330 per hour.

  IV. Parties Liable for Payment of Attorney's Fees

 Splash Dogs maintains that Ms. Sharma alone should be liable for the attorney's fees incurred by J4 Promotions in connection with the motion to compel.  Both Mr. Reed and Mr. Woods state in nearly identical declarations that on the advice of their attorney each served answers to interrogatories and responses to requests for production of documents upon Mr. LeVere.  They further state that these discovery responses were prepared by their attorney.  They do not, however, specifically identify Ms. Sharma as the attorney who gave that advice or prepared the discovery responses and do not explain why that attorney did not sign the objections to interrogatories, as required by Fed.R.Civ.P. 33(b)(4).  Splash Dogs faults Ms. Sharma only for her alleged failure to inform Mr. Reed and Mr. Woods that their discovery responses were insufficient and to contact them regarding any of plaintiff's efforts to resolve the discovery dispute.  The defendants claim that, as a result, they did not become aware that their responses were deficient until after November 20, 2009.

 A client generally will be bound by the acts or omissions of his attorney.  Technology Recycling Corp. v. City of Taylor, 186 Fed.Appx. 624, 632-33 (6th Cir. 2006).  Therefore, Splash Dogs will not be able to avoid the consequences of failing to

respond to J4 Promotion's proper discovery requests regardless of whether its attorney notified Mr. Reed and Mr. Woods of the deficiencies in their responses.

Rule 37 permits a court to order the attorney who advised the conduct necessitating a motion to compel to pay the expenses thereby incurred. In this case, however, the defendants do not expressly state that Ms. Sharma was the attorney who advised them how to respond to the plaintiff's discovery requests. Moreover, courts have assessed attorney's fees against counsel "only when it is clear that discovery was unjustifiably opposed principally at his instigation." Humphreys Exterminating Co. v. Pouter, 62 F.R.D. 392, 395 (D.Md. 1974). See also Crawford v. American Federation of Government Employees, 576 F.Supp. 812, 815 (D.D.C. 1983). Any problem concerning Ms. Sharma's alleged failure to keep the defendants apprised of the status of their case is a matter between them or other interested bodies. Id. at 816. The record is far from clear that it was Ms. Sharma, rather than the defendants, who unjustifiably resisted J4 Promotion's discovery requests.

The automatic stay, 11 U.S.C. §362(a) prohibits the commencement or continuation of most actions against a debtor or his property. If the motion for attorney's fees is to proceed against Mr. Reed, the Court must determine that an exception to the stay applies here. Chao v. Hospital Staffing Services, Inc., 270 F.3d 374, 384 (6th Cir. 2001). If this Court's determination later proves erroneous, J4 Promotions runs the risk that the imposition of attorney's fees against Mr. Reed will be declared void ab initio. Id. While a debtor may not file a bankruptcy petition to avoid a contempt sanction for improper conduct during litigation, this exception to the automatic stay generally has arisen in the context of filing frivolous suits in violation of Fed.R.Civ.P. 11 or frivolous appeals under Fed.R.App.P. 38. See

Alpern v. Lieb, 11 F.3d 689 (7th Cir. 1993)(Rule 11); In re Berg, 230 F.3d 1165 (9th 2000)(Rule 38). Where a district court entered an order, which included an award of attorney's fees in connection with a judgment creditor's motion to compel discovery, after the judgment debtor had filed a bankruptcy petition, the Court of Appeals for the Federal Circuit distinguished Berg and granted a writ of mandamus directing the district court to vacate that order as a violation of the automatic stay. See In re Long, 318 Fed.Appx. 891, 893-94 (Fed. Cir. 2008). The Court, therefore, will not assess any attorney's fees against Mr. Reed as long as the automatic stay remains in effect.

## V. Disposition

Based on the foregoing reasons, the Court orders defendants Splash Dogs, LLC, and Randy Woods to pay the expenses incurred by plaintiff J4 Promotions, Inc., in making its motion to compel. Such expenses consist of attorney's fees as allowed by the Court in the amount of $13,695. This fee award shall be paid within twenty-eight days.

## VI. Procedure for Objections

Any party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. Fed. R. Civ. P. 72(a). The motion must specifically designate the order or part in question and the basis for any objection. Fed. R. Civ. P. 7(b). Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. Eastern Division Order No. 91-3, pt. I., F., 5. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. §636(b)(1)(A).

This order is in full force and effect, notwithstanding the

filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

> /s/ Terence P. Kemp
> United States Magistrate Judge