IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| J4 Promotions, Inc., | : | |
| Plaintiff, | : | |
| v. | : | Case No. 2:09-cv-136 |
| Splash Dogs, LLC, et al., | : | JUDGE MARBLEY |
| Defendants. | : | |
| | | |
| Capitol Specialty Insurance Corporation, | : | |
| | : | Case No. 2:10-cv-432 |
| Plaintiff, | : | |
| | : | JUDGE SARGUS |
| v. | : | |
| Splash Dogs, LLC, et al., | : | |
| Defendants. | : | |

ORDER

These cases are before the Court on a motion to consolidate filed by Capitol Specialty Insurance Corporation.  The motion has been fully briefed by Capitol and J4 Promotions, Inc.  For the following reasons, the motion to consolidate (#75) will be denied.

I.  Background

The factual background relevant to these cases was set forth in the Court's opinion and order of May 3, 2010, in Case No. 2:09-cv-136, denying Capitol's motion to intervene. Consequently, it will not be repeated in detail here.  Briefly, however, J4 Promotions is pursuing copyright infringement and unfair competition claims against Splash Dogs, LLC in Case No. 2:09-cv-136.  In Case No. 2:10-cv-432, Capitol, Splash Dogs' insurer, is seeking a declaratory judgment to establish whether

Capitol has a duty to defend or indemnify Splash Dogs.  To date, the defendants in Case No. 2:10-cv-432 have not answered.

## II. Consolidation under Rule 42

Consolidation of cases is provided for in Fed.R.Civ.P. 42(a), which states, in pertinent part, that the Court may order consolidation when actions "involve a common question of law or fact...."  The underlying purpose of the Rule is to promote economy in the administration of justice. Feldman v. Hanley, 49 F.R.D. 48 (S.D.N.Y. 1969).  Any savings of litigant and judicial resources achieved by consolidation must be balanced against any prejudice to the parties, including potential confusion of the issues, which might result from consolidation.  Arroyo v. Chardon, 90 F.R.D. 603 (D.P.R. 1981).  It is not a prerequisite to consolidation that there be a complete identity of legal and factual issues posed in the cases which are the subject of the request. Thayer v. Shearson, Loeb, Rhoades, Inc., 99 F.R.D. 522 (W.D.N.Y. 1983).  Rather, as long as there are some common questions of either law or fact, the Court has the flexibility under Rule 42 to allow cases to proceed jointly with respect to such matters in which joint proceedings would not be unduly prejudicial and would be an effective utilization of judicial resources.  Brewer v. Republic Steel Corp., 64 F.R.D. 591 (N.D. Ohio 1974), aff'd 513 F.2d 1222 (6th Cir. 1975).

## II. Analysis

In its motion, Capitol asserts, without much elaboration, that common questions of law and fact exist such that consolidation would serve the interests of justice and judicial economy.  At the same time, Capitol contends, perhaps as a defensive tactic, that following consolidation the Court could choose to try certain issues and claims separately pursuant to

-2-

Fed.R.Civ.P. 42(b).  Overall, however, Capitol's motion appears to be addressed primarily to avoiding duplicate discovery efforts.  For example, Capitol notes that, absent consolidation, duplication of depositions could occur.  Further, Capitol states that much of the deposition testimony relating to the infringement and unfair competition claims would be relevant to the insurance coverage issues.

In response, J4 argues that consolidation should be denied because the cases are at very different stages in the litigation process.  J4 also contends that any common questions of law and fact are minor.  Essentially, J4 urges denial of the motion to consolidate for the same reasons Capitol's motion to intervene was denied.

The Court agrees with J4.  The Court's reasoning in denying Capitol's motion to intervene is equally applicable here and Capitol's attempt at using a different procedural mechanism to insert its claims into the infringement action is to no avail. There is no question that the cases are at very different stages in the litigation process.  Case No. 2:09-cv-136 has been pending for over two years and Case No. 2:10-cv-432 has been only recently filed.  Further, the coverage issues raised by Capitol are not related to the infringement and unfair competition claims raised by J4.  Under these circumstances, the Court is not convinced that the purpose consolidation is designed to achieve would be met here.  Consequently, the motion to consolidate will be denied.

In reaching this conclusion, the Court finds completely without merit Capitol's suggestion that the issues weighing against consolidation could somehow be addressed by an order of separate trials pursuant to Fed.R.Civ.P. 42(b).  The Court's denial of the motion to consolidate more directly achieves the same result.

-3-

Finally, to the extent that Capitol is suggesting consolidation for purposes of discovery only, the motion will be denied.  The discovery cut-off in Case No. 2:09-cv-136 is October 29, 2010.  To date, no discovery cut-off has been established in Case No. 2:10-cv-432.  Given this disparity, the Court is not convinced that consolidating these cases for discovery will result in significant efficiency.

On the other hand, Capitol's concern over the potential for duplication of depositions may be a valid concern.  However, this concern can be addressed short of complete consolidation for discovery purposes or otherwise.  For example, if the same witnesses have testimony that is relevant to both cases, the parties may either agree to, or request the Court to order, consolidated depositions for those witnesses that the cases have in common.  This would assist in achieving some of the goals underlying Rule 42 while at the same time avoiding the problems associated with the consolidation of cases involving dissimilar factual and legal issues.

## IV.  Disposition

For the foregoing reasons, the motion to consolidate filed by Capitol Specialty Insurance Corporation (#75) is DENIED.

### Appeal Procedure

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

-4-

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.


/s/ Terence P. Kemp
United States Magistrate Judge