IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

J4 Promotions, Inc.,

    Plaintiff,             Case No. 2:09-cv-0136

  v.                             JUDGE MARBLEY

Splash Dogs LLC, et al.,

    Defendants.

Capitol Specialty Insurance
Corporation,

                                  Case No. 2:10-cv-432

      Plaintiff,

                                  JUDGE SARGUS

  v.

Splash Dogs, LLC, et al.,

    Defendants.

ORDER

    On August 3, 2010, the Magistrate Judge issued an order which denied the motion to consolidate filed by Capitol Specialty Insurance Corporation.  Capitol filed objections to this order on August 17, 2010, pursuant to 28 U.S.C. §636(b)(1)(A) and Fed. R. Civ. P. 72(a).  For the following reasons, the objections (#94) will be overruled.

I.

    Fed. R. Civ. P. 72(a) provides that a party must serve and file objections to a Magistrate Judge's order within fourteen days after being served with a copy of the order.  Because the Magistrate Judge's order involves nondispositive matters, this Court's reconsideration of the order is governed by the "clearly erroneous or contrary to law " standard of review contained in Rule 72(a).  See United States v. Curtis, 237 F.3d 598, 603 (6th Cir. 2001).  The "clearly erroneous" standard applies to factual

findings made by the Magistrate Judge while legal conclusions are reviewed "under the more lenient 'contrary to law' standard." Gandee v. Glaser, 785 F.Supp. 684, 686 (S.D. Ohio 1992), aff'd, 19 F.3d 1432 (6th Cir. 1994)(table).  A finding is "clearly erroneous" only when the reviewing court is left with the definite and firm conviction that a mistake has been made.  See In re Search Warrants Issued Aug. 29, 1994, 889 F.Supp. 296, 298 (S.D. Ohio 1995)(citations omitted).  A court's review under the "contrary to law" standard is "plenary, ... and it 'may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent.'" Gandee, 785 F.Supp. at 686 (citations omitted).  It is with these standards in mind that the Magistrate Judge's order will be reconsidered.

II.

In its motion for reconsideration, Capitol does not specify on what points the decision of the Magistrate Judge is clearly erroneous or contrary to law.  Instead, Capitol simply reiterates the arguments set forth in its previous motions.  Much of the motion for reconsideration focuses again on Capitol's interest in avoiding duplicative discovery.

In response, J4 contends that Capitol has not demonstrated that the Magistrate Judge's order is clearly erroneous or contrary to law.  As with Capitol's motion, the bulk of J4's response is a reiteration of previous argument.

In reply, Capitol argues that the Magistrate Judge's decision is clearly erroneous and contrary to law insofar as it declined to consolidate the cases "at least for purposes of deposition and/or other discovery."  As a basis for this assertion, Capitol contends that it is "extremely unlikely" that J4 would agree to consolidate the depositions of witnesses common to both cases.

Consolidation under Fed.R.Civ.P. 42 is discretionary. Williams v. Gilless, 19 F.3d 1435 (Table), 1994 WL 66666 (6th Cir. 1994); McNeil v. Memphis Police Ass'n, Inc., 2008 WL 2402530, at *2 (W.D. Tenn. 2008).  The Magistrate Judge concluded that, given the nature of the claims and the nearly two-year gap between the filing of the cases, the goals underlying Rule 42 would not be served by consolidation.  To the extent that Capitol's motion for reconsideration can be construed as objecting to the Magistrate Judge's decision on this issue, Capitol has failed to demonstrate that it is clearly erroneous or contrary to law.  Consequently, this objection will be overruled.

Similarly, with respect to consolidation for purposes of discovery only, the Magistrate Judge considered the disparity in the discovery schedules and concluded that the purposes of Rule 42 would not be served by such consolidation.  Again, Capitol has not demonstrated that the Magistrate Judge's denial of this request is clearly erroneous or contrary to law.  Consequently, this objection will be overruled.

To the extent that Capitol has objected to the Magistrate Judge's decision not to order consolidated depositions, the Court does not agree that such a decision is clearly erroneous or contrary to law.  While Capitol contends generally that several witnesses will have testimony common to both cases, it has not identified with any specificity these witnesses or the substance of their testimony as it relates to both cases.  The Magistrate Judge's decision preserves the parties' ability to request consolidated depositions of witnesses that the cases have in common once these witnesses are identified.  Capitol's suggestion that such an approach will result in lengthy motions practice lacks evidentiary support.  Consequently, this objection will be overruled.

### III.

Based on the foregoing, Capitol's objections (#94) to the Magistrate Judge's August 3, 2010 order are OVERRULED.

        s/Algenon L. Marbley
        Algenon L. Marbley
        United States District Judge